# JAMES BAXTER

*v.*

## THE BOARD OF TRADE OF THE CITY OF CHICAGO.

1. INJUNCTION—*nature of writ.* Resort can not be had to the writ of injunction, either directly or indirectly, to obtain affirmative relief, but its office and use are to afford preventive relief as to wrongs or injuries threatened, and which the party fears.

2. SAME—*restoring party to membership.* Where a party is excluded from membership in a corporation, the rightfulness of his expulsion must be tried at law, and, until his rights are thus settled, a court of equity will not interfere, by injunction, to restore him to his position, even though he may suffer a loss of profits.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. JOHN J. HERRICK, for the appellant.

Messrs. DENT & BLACK, and Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 7th day of November, 1872, appellant, James Baxter, was expelled from membership in the Board of Trade of the City of Chicago. On the 18th day of August, 1874, he filed, in the Superior Court of Cook county, a petition for *mandamus,* in which he prayed that the board of trade might be summoned to appear, and show cause why a writ of *mandamus* should not be issued, requiring it to restore petitioner to all the rights, privileges and functions of membership in the board. After the petition for *mandamus* was filed, and summons issued thereon, appellant filed this bill, in which he prayed for an injunction to prevent the board of trade from interfering with the free exercise, by complainant, of all the rights, privileges and functions of a member of that body, including the right to enter the rooms and remain at all the meetings of the board, and transact business in buying and selling grain and other

products.   The bill prayed that, upon a final hearing, a decree should be entered, continuing the injunction until the final determination of the proceedings in the petition for *mandamus.*

The board of trade interposed a demurrer to the bill, which the court sustained, and dissolved the injunction and dismissed the bill, and the complainant in the bill appealed.

We do not consider it necessary to a decision of this case to consider all the propositions which have been argued by appellant's counsel.   The main question presented by the record, and, indeed, the only one necessary to be considered, is, whether a court of equity has jurisdiction to decree the relief prayed for in the bill.

The proceeding which appellant had instituted at law to test the validity of the action of the board of trade which resulted in his expulsion, if he had been illegally expelled, and had the right to resort to the courts, would, upon a final trial, necessarily, have resulted in restoring him to all the rights and privileges of membership.   Appellant did not file the bill in this case with the view or for the purpose of having the court pass upon the action of the board of trade, but its object was, or at least the effect of a court of equity assuming jurisdiction would be, to restore appellant to membership at once, regardless of whether the expulsion was legal or illegal.   This would be manifestly unjust.   If a party has been excluded from the rights and privileges of a corporation by the action of the corporation, he ought not to be restored until it has been determined that the act of expulsion by the corporation was illegal; and yet, if the remedy was by injunction, as is claimed here, the effect would be to restore the party in the first instance, even though he may have been legally expelled, and leave the determination of the legality of the act to be determined in the future.

We do not understand resort can be had to the writ of injunction, either directly or indirectly, to obtain affirmative relief.

The decision in *Menard* v. *Hood*, 68 Ill. 122, is in point here.   It was there said: " In our practice, the writ of injunc-

tion is only called into use to afford preventive relief. It is never employed to give affirmative relief, or to correct wrongs and injuries already perpetrated, or to restore parties to rights of which they have been deprived."

In *Wangelin* v. *Goe*, 50 Ill. 463, where the owner of a mill had been illegally put out of possession, he filed a bill for an injunction to restrain the defendants from interfering with his taking possession, as the appellant here filed his bill to enjoin the officers of the board of trade from molesting him in attending its meetings. The injunction was not, however, sustained. In deciding the case it is said: "The injunction is a preventive remedy. It comes between the complainant and the injury he fears or seeks to avoid. If the injury be already done, the writ can have no operation, for it can not be applied correctively so as to remove it."

The case of *Fisher* v. *The Board of Trade*, 80 Ill. 85, was a bill in equity for an injunction, as here. The right, however, to invoke the aid of the court was denied. It was there said: "Stripped of its redundancy, the prayer of the bill is, in effect, to restore appellant to his position as a member of the board of trade—nothing less. It must be apparent a court of chancery can not do this. The action of the board is final and complete, and if it has erred in that action, either on the merits or has acted in a case without jurisdiction, chancery can not afford a remedy."

The question presented and decided in the *Fisher case* is identical with the one here involved, and we perceive no reason whatever, after a careful consideration of appellant's argument, to modify or change the rule there announced. If appellant has any remedy in the courts for his supposed illegal expulsion from the board of trade, his remedy is at law and not in equity by injunction. The appellant, however, contends that an injunction will lie on account of irreparable injury, which will result to him in the loss of profits which he might make in the board of trade before the action at law can be determined. It is not pretended that appellant's capital or his property will decrease in consequence of his expulsion from

the board of trade, but the argument is he can make large profits if he has the right to go on 'Change, and operate as other members of the board do. The appellant may be able to operate successfully in the board of trade, and through his operations make large profits, and yet it by no means follows that a court of equity will, by injunction, annul the action of the board, and place appellant in the full enjoyment of the rights and privileges of a member, to enable him to speculate upon the rise and fall of the products of the country, without stopping to inquire whether the action of the board resulting in appellant's expulsion was legal or illegal. Such is no part of the office a writ of injunction should serve. An injunction should not be awarded in doubtful cases. Its use is the exercise of a delicate power, which should not be encouraged by courts except in clear and well defined cases falling within principles of equity jurisprudence, sanctioned by well adjudged precedents. As has been well said: " It is the strong arm of equity, that never ought to be extended unless to cases of great injury, where courts of law can not afford an adequate or commensurate remedy in damages."

In *Brown* v. *Newall*, 2 Mylne & Craig, 568, in discussing the proper use of an injunction, Lord Cottenham said: " Extreme danger attends the exercise of this part of the jurisdiction of the court, and it is a jurisdiction which is to be exercised with extreme caution."

The injury appellant may suffer in the loss of profits can not be regarded such an one as would justify a court of equity to interfere by injunction. The injury he is likely to receive, where the substantial allegations of the bill are concerned, is more fanciful than real. At all events, we perceive no ground which would authorize a court of equity to interfere.

The decree of the court below will, therefore, be affirmed.

*Decree affirmed.*