## WILLIAM N. STURGES

### *v.*

## THE BOARD OF TRADE OF THE CITY OF CHICAGO.

CORPORATION—*remedy of member for expulsion.* A court of equity will not entertain a bill by a member of a private corporation, against the corporation and its officers, to restrain them from expelling the complainant for a violation of its rules and by-laws. The remedy of such member, if any, is in a court of law.

APPEAL from the Circuit Court of Cook County ; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. MONROE, BISBEE & BALL and Mr. JOHN J. HERRICK, for the appellant.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE and Messrs. DENT & BLACK, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant, on November 24, 1874, filed a bill in chancery in the circuit court of Cook county, in which, among other things, it is alleged that certain proceedings had taken place before the Board of Trade and its officers, relating to a proposition or demand for the expulsion of appellant from membership in that incorporation, upon certain charges,

which proceedings, it is alleged, were irregular, and in violation of the regulations of the Board ; that the president and directors are inimical to appellant, and desire to expel him from said Board, whether he be guilty or not guilty ; and that they have proceeded to ballot, and to ask all the members to vote upon the question of his expulsion ; that by ingenious and fictitious reports made by them to the Board they have created a prejudice against him, and that he is in danger of being expelled. Appellant, in his bill, prays for an injunction forbidding his expulsion and all further action in such proceedings, and enjoining defendants (appellees) from preventing or trying to prevent him from entering the buildings of such Board.

A temporary injunction was ordered and issued. The appellees filed answers, attempting to vindicate their action, and insisting that complainant had no sufficient ground for the relief sought.

The injunction was afterwards dissolved by order of the circuit court, and the court assessed damages against the appellant upon the dissolution of the injunction, and gave judgment therefor. The complainant brings the record here on appeal.

The judgment and decree of the circuit court must be affirmed.

It is very clear that the bill in this case presents no case warranting the intervention of a court of chancery. The rules laid down in the case of *Baxter* v. *The Board of Trade*, 83 Ill. 146, must govern this case. It is there shown that even if a member may resort to the courts for a remedy in such cases, he must go to a court of law.

*Decree affirmed.*