## Harry M. Greene v. The Board of Trade.

1. BY-LAWS—*Members of Associations Bound by.*—A person who of his own will and accord becomes a member of the Board of Trade, voluntarily agrees to be bound by its rules and by-laws.

2. SAME—*Rights of Members in Trials Under.*—A member of the Board of Trade has a right to a trial upon charges against him as such member, the proceedings of which are not repugnant to natural justice, but this does not include a right to be defended by professional counsel.

3. SAME—*Denial of the Right to be Defended by Counsel.*—A by-law of the Board of Trade, providing that in investigations before the board of directors, or before any committee of the association, no party shall be allowed to be represented by professional counsel, is not invalid.

Bill for Injunction.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

## STATEMENT OF THE CASE.

This was a bill filed by appellant against appellee to enjoin the appellee from trying appellant for alleged violation of its by-laws, viz.: trading in differences on the market and reporting to customers fictitious sales.

An *ex parte* injunction was granted on the bill of complaint, sworn to by appellant, and answer and affidavits were filed by appellee and an additional affidavit filed by appellant, and upon the hearing upon bill, answer and affidavits, the injunction was dissolved and the bill dismissed.

From the bill, answer and affidavits, it appears that the Board of Trade is a great public corporation; that it owns and holds property of the value of $1,500,000; that its memberships are valuable; that it is alleged that the transactions on the exchange, fix and determine the value of all kinds of produce and provisions in the commercial centers of the world; that appellant is a member of said board; that his membership is of pecuniary value; that he has pending contracts with customers living in different cities of the United States, for the future delivery and receipt of grain, to the amount of over $75,000, upon which he has received over $20,000 and paid out over $10,000 to others, and that it is alleged that his suspension or expulsion will not only work irreparable damage to him, but to his clients and customers also; that certain members of its directory are alleged to have conspired to injure him and deprive him of the privileges of said Board of Trade; that the directory is composed of eighteen members; that three of them, Jones, Nash and Hill, were appointed a committee to investigate charges against him; that this committee called witnesses before it without notice to and without the knowledge of appellant, had them sworn and examined them; that Jones, the chairman of the committee, then made formal charges against appellant and summoned appellant to appear for trial three days from that time; that three members of this committee were to sit as three of the judges who were to try him; that the offense with which he was charged was a grave one; one punishable under the laws of this State by

fine and imprisonment; and that the by-laws of the board provide that no member on trial before the directors shall be allowed the assistance of professional counsel.

MONROE & THORNTON, attorneys for appellant.

The constitution of this State secures to the accused the right of defense in person and by counsel. That is its policy and the policy of our law. It has been held that the clause of the Federal constitution prohibiting the enactment of *ex post facto* laws applies to the by-law of a corporation. People v. Fire Department, 31 Mich. 458; Howard v. Savannah, T. U. P. Charlt. (G. A.), 173.

The right of counsel in a civil suit has never been denied. To allow such has always been the policy of the law. To prohibit a party appearing by proper counsel has always been deemed an error sufficient to reverse a cause. And no doubt, where no right of appeal lay from the judgment to be rendered on a trial held by an inferior court, a refusal to allow proper counsel to appear for a party would be sufficient cause to justify the interference of a court of superior jurisdiction. See Gebhard v. New York Club, 21 Abb. N. C. 252; In re Monckton, 3 Notes of Cases, Ecclesiastical Supp. 62; 2 Stephens' Law of Clergy, 977 (Ed. 1848); Murdock v. Phillips Academy, 12 Pick. (Mass.) 263; Nelson v. Board of Trade, 58 Ill. App. 399.

A by-law to be valid must be reasonable. Cartan v. F. M. U. B. Society, 3 Daily 20; People v. Throop, 12 Wend. 183; Palmetto Lodge v. Hubbell, 2 Strobh. L. 457.

A by-law made in pursuance of an express power to make such laws, if contrary to the common law, or to a legal enactment, is void. Every by-law must be reasonable and lawful. State v. Union Merchants' Exchange, 2 Mo. App. 96.

The power to enact by-laws is limited by the nature of the corporation and the laws of the country. It can make no rule which is contrary to law, good morals, or public policy. Sayre v. Louisville, etc., Asso., 1 Duval (Ky.) 143; S. C., 83 Am. Dec. 613.

Greene v. Board of Trade.

A by-law must not be contrary to a policy of the law. Goddard v. Merchants' Exchange, 9 Mo. App. 290, 295; 78 Mo. 609.

The rules of the club can not be contrary to natural justice. Brett, L. J., in Dawkins v. Antrobus, L. R., 17 Ch. Div. 630; Seaton v. Gould, 5 Times L. Rep. 309.

Nor can a by-law be valid which violates those fundamental principles of right embodied in the common law. 1 Thompson on Corp., Secs. 1014, 1015.

What is true concerning unincorporated associations is much more so of voluntary incorporated associations. White v. Brownell, 4 Abb. Pr. (N. S.) 162, 192; S. C., 2 Daly 329, 358; Evans v. Philadelphia Club, 50 Pa. St. 117; Otto v. Tailors, etc., Union, 75 Cal. 308.

Courts of chancery have supervision and control of all unincorporated societies or associations. With respect to them they have the power of prevention of acts contrary to law and prejudicial to the interests of the community or the rights of individuals, and can afford specific relief where a recovery in damages would be an inadequate remedy for the wrong. Ebbinghaus v. Killian, 1 Mack (D. C.), 247; S. C., 9 Wash. L. Rep. 627; Kisor's Appeal, 62 Pa. St. 428.

When the proceedings resulting in the expulsion of a member are contrary to natural justice a court of equity may interfere. Hutchinson v. Lawrence, 67 How. Pr. 38, 42.

An injunction has been issued to prevent the arbitrary removal of a schoolmaster. Willis v. Child, 13 Beav. 117, 129; Powell v. Abbott, 9 W. N. Cas. (Pa.) 231; Albers v. Merchant's Exchange, 39 Mo. App. 583; Seaton v. Gould, 5 Times L. Rep. 309; Tipton Fire Co. v. Barnheisel, 92 Ind. 88.

Green, Robbins & Honore, attorneys for appellee.

Neither courts of law nor courts of chancery can interfere with the exercise by the Board of Trade of its disciplinary powers, either before or after it has tried the member.

The law does not permit suits to enjoin a trial by an asso-

ciation for the purpose of disciplining a member. Harlow v. Dehon, 111 Mass. 195; 1 Thompson on Corp., Sec. 913.

A court of chancery can not enjoin the mayor and aldermen of a city from removing a party from office, because the remedy is complete at law, by mandamus after removal, to restore to office. Delehanty v. Warner, 75 Ill. 185.

A member of the Board of Trade can not repudiate or complain of the judgment rendered by a tribunal of his own choosing, and under rules by which he pledged himself to abide. Pitcher v. Board of Trade, 121 Ill. 412.

After trial a court of law can not, by mandamus, interfere with the disciplinary powers of the Board of Trade over its members. People ex rel. Rice v. Board of Trade, 80 Ill. 134.

How far the courts can interfere after a hearing with the exercise of the disciplinary powers of the Board of Trade over its members, has been the subject of controversy, but even in such case it has been uniformly held by our Supreme Court that chancery has no jurisdiction. Fisher v. Board of Trade, 80 Ill. 85.

Mr. Justice Waterman delivered the opinion of the Court.

This proceeding is in effect to restrain the appellee from proceeding to try a member whom it is alleged has violated the law of such board. It is not claimed that the board is about to try appellant in a manner not in accordance with its rules and regulations. It is the rules themselves of which appellant complains.

Appellant, of his own free will and accord, became a member of the board; voluntarily agreed to be bound by its laws, of which he now complains. If its regulations for the trial of alleged offenders are, as he urges, oppressive and unjust, he might have avoided the effect of such tyranny by keeping outside its fold, as do the great mass of merchants and traders in the city of which he is a citizen.

Appellant complains that three members of the directory having, in accordance with the rules of the board, investi-

gated complaints against him, have preferred charges, and are themselves to sit, with others, among the number of his judges.

As to such proceeding, appellant cites the case of People v. McCoy, 20 Ch. Legal News, 15[1]; 37 Albany, L. J. 131, in which it was said: "It can not be tolerated that among a free people, a board, combining within themselves the functions of accuser, prosecutor, judge and jury, should exercise such power."

The quoted declaration was not made as to a trial of one who had voluntarily become and was a member of a society in accordance with whose rules he was about to be tried.

Appellant is entitled to a fair trial, to one whose proceedings are not repugnant to natural justice; but we do not think that this includes a right to be defended by counsel. Whatever may be the right in this regard of an accused in an ecclesiastical court or in one of the common tribunals of the land, we see no reason for holding that the by-law of the Board of Trade, denying the privilege of defense by counsel, is invalid.

Whether appellant will or will not receive by the directors of the Board of Trade a fair trial, as likewise the effect of such trial, can not be known in advance.

The result of the allowance of injunctions such as was sought in this case, would be to transfer to the chancery court the trial of alleged offenses against the rules of clubs, churches, and societies in which the membership had pecuniary value, and the complaining member charged that he could not receive a fair trial in such organization.

We regard the case of Sturges v. Board of Trade, 86 Ill. 441, and Baxter v. Board of Trade, 83 Ill. 146, as decisive of this.

The decree of the Superior Court is affirmed.