Engel v. Walsh, 170 Ill. App. 3.

---

# Charles F. Engel, Appellant, v. Thomas Walsh et al., Appellees.

## Gen. No. 16,778.

1. INJUNCTIONS—*when bill praying defective.* A bill by a member of a labor union seeking an injunction against such union to prevent the enforcement of a fine is fatally defective if it does not set up the contract relations of the parties.

2. INJUNCTIONS—*when remedy at law exists.* A bill to restrain the enforcement of a fine imposed by a labor union upon one of its members does not lie inasmuch as a remedy at law exists.

3. INJUNCTIONS—*when do not lie against labor unions.* Equity will not restrain a labor union from expelling a member from its organization.

Bill in equity. Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912. Rehearing denied May 7, 1912. *Certiorari* denied by Supreme Court (Making opinion final).

POPE, HOIG, FULLER & NICHOLS for appellant.

CRUICE & LANGILLE for appellees; DANIEL L. CRUICE, A. S. LANGILLE and O. J. C. WRAY, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

A bill in equity was filed by the appellant, Engel, against the appellee Labor Union and certain of its officers and members, who are also before us as appellees. The relief asked was an injunction restraining the defendants from enforcing or attempting to enforce a fine theretofore imposed upon the complainant, who was a member of the union, for a certain alleged violation of the rules of the union, and from preventing the complainant "from doing any further work until said fine is paid"; also from causing, calling, etc., a strike against the complainant to prevent him or his employes from doing or completing any work or building upon which complainant might be engaged, and from in any way directly or indirectly, carrying out the order, act and proceedings commenced, threatened or enacted against complainant at the meeting of the Union held April 30, 1910. The further relief is asked that the defendants be enjoined from expelling complainant from the union or from refusing to recognize him as a member.

A temporary injunction was granted by the Circuit Court upon the recommendation of a master in chancery. Answers were filed by certain of the defendants, and demurrers by others. Thereafter the injunction was on motion dissolved. The court disposed of the

case upon the demurrers, refusing to consider the answers and affidavits filed. The demurrers were sustained and a decree entered dismissing the bill for want of equity.

We think the action taken was proper. First, the bill does not set forth the contract between the parties. This contract is made up of the constitution and by-laws of the union, which are binding alike on the union and its members. People v. W. C. O. F., 162 Ill. 78, and cases cited. The bill was therefore demurrable, in our opinion, because it does not state even in substance the provisions of the constitution and by-laws so governing the union and its members. The court in order to determine the rights of the parties upon the merits must necessarily have had before it the contract between them, in order that the same might be construed.

In the second place, even if the constitution and by-laws had been fully set forth in the bill of complaint the relief asked for could not properly have been granted because under repeated decisions in this state, as well as of courts of last resort in other jurisdictions, the complainant, if he had a cause of action, had a complete remedy at law.

In Sturges v. Board of Trade, 86 Ill. 441, it was held that a court of equity will not entertain a bill by a member of a private corporation against the corporation and its officers to restrain them from expelling the complainant for a violation of its rules and by-laws, and the remedy of such member, if any, is in a court of law.

It has been held, moreover, in numerous cases that courts of law will not restore to membership persons who have been expelled from membership in such organizations as churches, masonic bodies, odd fellow and temperance lodges, etc.—among others People v. Board of Trade, 80 Ill. 134. In the opinion last referred to it is said that in such cases the members must be left to

enforce their rules and regulations by such means as they may adopt for their government.

For the reasons stated the decree of the Circuit Court will be affirmed.

*Affirmed.*