## Anton M. Furman et al., Appellees, v. Michael Wieczorkowski, Appellant.

### Gen. No. 21,930.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 30, 1916.

### Statement of the Case.

Action by Anton W. Furman and Alex Wisniewski, and Mary Maday, as sole devisee and legatee under the last will and testament of Henry Maday, deceased, plaintiffs, against Michael Wieczorkowski, defendant, to recover for rent due under a lease. From an order overruling a motion of defendant to vacate a judgment by confession, defendant appeals.

A. S. LAKEY, for appellant.

JOHN EARLY, for appellees.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 204*—*when entry of for sum larger than claimed in declaration is improper.* The entry of a judgment for a larger sum than that claimed in the declaration is error.

2. JUDGMENT, § 88*—*when appeal lies to review the overruling of a motion to vacate a judgment by confession.* Where a defendant by his attorney in fact, duly authorized, confesses judgment and releases all errors, an appeal or writ of error will not lie to review the judgment itself, but will lie to review the overruling of a motion to vacate the judgment.

3. APPEAL AND ERROR, § 360*—*when variance between damages claimed in declaration and in the cognovit is waived.* Any error committed in entering a judgment in an action for rent due to variance between damages claimed in the declaration and in the *cognovit* is waived where the power of attorney to confess judgment is contained in the lease and authorizes the waiving of all errors and the *cognovit* expressly releases all errors.

4. PARTNERSHIP—*when members signing lease are individually bound.* Where a lease purports to be to a copartnership but is signed by the partners individually, it becomes their individual lease.

5. DESCENT AND DISTRIBUTION, § 45*—*who is entitled to rent accruing after death of owner of demised premises.* Rent accruing after the death of the owner of demised premises is a chattel real, and goes to the heir or devisee of said deceased owner, and not to his administrator or executor.

6. LANDLORD AND TENANT, § 279*—*when wrongful act of landlord does not debar him from recovery of rent.* The wrongful act of a landlord does not debar him from the recovery of rent, unless the tenant by such act has been deprived in whole or in part of the possession either actually or constructively, or the premises rendered useless.

7. LANDLORD AND TENANT, § 262*—*what does not constitute constructive eviction.* There is no constructive eviction of a tenant where he remains in possession of the premises nearly six months after acts complained of.

8. JUDGMENT, § 81*—*what defendant seeking to vacate judgment by confession must show.* A defendant seeking to vacate a judgment by confession must make a clear showing that he has a defense to the action.

9.' JUDGMENT, § 82*—*how affidavit in support of motion to vacate judgment by confession construed.* Affidavits in support of a motion

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to vacate a judgment by confession must be construed most strongly against the defendant.

10. APPEAL AND ERROR, § 1380*—*when denial of motion to vacate judgment by confession is conclusive.* A motion to vacate a judgment entered by confession is addressed to the sound legal discretion of the trial court, whose action in denying it will not be reviewed unless it appears that it has been abused.