Roland J. Hope, Administrator of Estate of Mary E. Hope, Deceased, Appellee, v. Thomas B. Hope, Appellant, Chicago City Bank and Trust Company et al., Appellees.
Interlocutory Appeal of Thomas B. Hope, Defendant-Appellant.

Gen. No. 46,037.

Opinion filed April 22, 1953. Released for publication June 3, 1953.

SCHULTZ, KRINSLEY, VOORHEIS & HEDBERG, of Chicago, for appellant; RAYMOND HARKRIDER, of Chicago, of counsel.

LOUIS S. GUNN, and ZEAMORE A. ADER, of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an appeal by defendant Thomas B. Hope from an interlocutory order granting a temporary injunction without notice, upon the filing of a five-hundred-dollar bond, restraining defendant Hope from withdrawing funds from certain bank accounts and from having access to safety deposit boxes. Defendant also appeals from orders entered on November 14, 1952 and November 28, 1952, permitting the opening of a safety deposit box by plaintiff for the purpose of disclosing its contents.

Plaintiff is a son of Mary E. Hope who died April 24, 1941, leaving her surviving Thomas B. Hope, her husband, Ruth L. Cochrane, a daughter, Dorothy J.

Munro, a daughter, and Roland J. Hope, a grandson. August 4, 1952, letters of administration were issued by the probate court of Cook county appointing plaintiff as administrator of the estate of Mary E. Hope, deceased.

The complaint alleges in substance that the assets of the estate consist of three parcels of real estate in the City of Chicago and personal property the exact nature of which is unknown to plaintiff but that plaintiff is informed and believes that Thomas B. Hope has in his possession or under his control moneys, stocks, bonds, and other choses in action belonging to the estate of Mary E. Hope which he refuses to surrender to plaintiff as administrator of the estate; and that immediately upon the death of Mary E. Hope defendant took possession and charge of all the assets of the estate, collected all the rents, issues and profits from the said real estate as well as dividends from stocks and bonds, which defendant never accounted for.

The complaint further alleges on information and belief that defendant Hope has a bank account in the named defendant banks and has safety deposit vaults in the Continental Safe Deposit Vault Company and Avalon Safe Deposit Vaults, Inc.; that the moneys on deposit and the contents in the safety deposit vaults belong to the estate of Mary E. Hope; that defendant has threatened to appropriate the moneys and securities which he holds belonging to the estate to his own use; that plaintiff fears that unless the defendant Hope and other defendants are enjoined and restrained by injunction defendant Hope will carry his threat into execution and that irreparable injury will result to the beneficiaries of the estate; that defendant Hope has absented himself and that upon due and diligent inquiry plaintiff is unable to ascertain his whereabouts and therefore prays that the writ of injunction issue without notice.

In the concluding paragraph of the complaint the plaintiff also asks for an accounting and general relief.

The record shows that the complaint was filed on August 18, 1952 and on the same day a writ of injunction was issued without notice, restraining all the defendants from permitting withdrawal of the funds from the named banks by defendant Hope or from permitting him access to the safety deposit vaults or removing any of the contents.

October 20, 1952 defendant Hope entered his appearance and afterwards filed a written motion to vacate and dissolve the temporary injunction.

Defendant Hope contends that the allegations of the complaint are insufficient to sustain the injunction especially where, as here, no notice was given to any of the defendants.

■ The extraordinary character of the injunctive remedy requires that it be awarded only where the complaint shows on its face a clear right to the relief, and the facts relied upon to establish such right must be alleged positively and with certainty and precision. (*Stenzel v. Yates*, 342 Ill. App. 435.)

■ Our courts of review have repeatedly emphasized the need for great caution in granting orders for injunctions. See *Skarpinski v. Veterans of Foreign Wars*, 343 Ill. App. 271 and cases there cited.

■ In the recent case of *Fox v. Fox Valley Trotting Club, Inc.*, 349 Ill. App. 132, this court held that allegations verified on information and belief are insufficient to support an injunction order.

■ Since defendant's motion to dissolve the temporary injunction directly attacks the issuance of the injunction without notice, we shall not consider any pleadings or proceedings subsequent to the granting of the injunction and shall judge the order on the pleadings as they existed at the time the order was

entered. (*Lee v. Morris*, 326 Ill. App. 555.) To the same effect see *Spiegler v. City of Chicago*, 216 Ill. 114.

Plaintiff seeks to recover rentals from real estate or the proceeds of real estate, title to which is alleged to have been in Mary E. Hope at the time of her death.

■ At the oral argument before this court plaintiff conceded that he cannot maintain an action for that purpose. See *Rauschkolb v. Ruediger*, 325 Ill. App. 342; *Furman v. Wieczorkowski*, 202 Ill. App. 347.

■ Under our laws one-third of the real estate owned by Mary E. Hope at the time of her death descended to defendant Thomas B. Hope, and the remainder to her heirs. Since plaintiff as administrator in this action can recover only personal property or the proceeds thereof, we shall, in considering defendant's motion to dissolve the temporary injunction, disregard all allegations in the complaint relating to real estate or its yield in the form of rental or proceeds from the sale thereof.

■ ■ Because the complaint was framed on the theory that plaintiff could recover rental and the proceeds of the sale of real estate it may well be that the personal property alleged to belong to the estate represents the proceeds of the rental or sale of real estate, or securities in which the proceeds have been invested. The facts which plaintiff relies upon must be clearly stated and verified. See *Grossman v. Grossman*, 304 Ill. App. 507. Moreover there is no specific allegation in the complaint that Mary E. Hope owned personal property at the time of her death, nor does it allege how or when the property, if any, was acquired by defendant Hope. The repeated allegations on information and belief that Thomas B. Hope took possession of or has in his possession or under his control moneys, stocks, bonds, and other choses in action belonging to the estate of Mary E. Hope, without any supporting facts, are conclusions. (*Hyland v. Waite*, 349 Ill. App. 213.)

195

■ The record shows that the complaint was filed more than eleven years after Mary E. Hope died. The complaint does not allege that the debts of Mary E. Hope have not been paid, nor that defendant Hope is insolvent (*Fox v. Fox Valley Trotting Club, Inc.*, 349 Ill. App. 132) to support the allegation in the complaint that plaintiff has no adequate remedy at law.

■ In *Gates v. Sweitzer*, 347 Ill. 353, our Supreme Court said, at page 363:

"It is likewise a common rule well established in equity, that essential facts relied upon for relief by injunction must be stated with sufficient certainty to negative every reasonable inference arising upon the facts stated from which inference it might be said that the complainant is not entitled to the relief sought."

■ After a careful reading of the complaint we are of the opinion that it does not state equitable grounds for injunctive relief and that the temporary injunction was improvidently issued. In the view which we take of this case it is unnecessary to consider the other points raised.

For the reason given, the order granting the injunction is reversed.

*Order granting injunction reversed.*

FEINBERG and KILEY, JJ., concur.