SAMUEL DOLNICK *et al.,* Plaintiffs-Appellants, *v.* JAMES R. REDMOND, Superintendent of the Chicago Public Schools *et al.,* Defendants-Appellees.

(No. 55174; ■■■■■■■

First District—April 14, 1972.

*Rehearing denied May 9, 1972.*

1038

Anthony J. Fornelli and Charles R. Winkler, both of Chicago, for appellants.

James W. Coffey, of Chicago, (Richard E. Girard, of counsel,) for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Plaintiffs are certified principals employed by the Board of Education of the City of Chicago who sue on behalf of themselves and other similarly situated. On May 20, 1970, they filed a Complaint for Injunction against James Redmond, Superintendent of the Chicago Public Schools, and the members of the Board of Education to enjoin the appointment of three noncertified principals as principals at three schools for the 1970 summer session. The three appointees had been serving as acting principals of schools concerned. Defendants filed a motion to strike and dismiss the complaint, and two of the plaintiffs filed an amended complaint. They alleged that they had applied for assignment as principals of the summer school and by the appointment of uncertified principals,

would be deprived of their opportunity to serve in that capacity and thus would be irreparably injured.

Defendants again filed a motion to strike and dismiss, memoranda were filed by both sides, and on June 18, 1970, the court sustained defendant's motion, and dismissed the cause of action.

From that order, plaintiffs appeal.

Plaintiffs contend that the court improperly denied their request for an injunction. They argue that the Board of Education violated its own rules by appointing noncertified principals to temporary positions for the 1970 summer session.

■■ Defendants maintain that the question has been rendered moot by the passage of time and is therefore not properly before this court.* Although we believe that this case could properly be disposed of as moot, we have, nonetheless, decided to dispose of this appeal on the issues raised by the pleadings.

Ill. Rev. Stat. 1969, ch. 122, par. 34—19 invests the Board of Education with the power to "establish by-laws, rules and regulations, which shall have the force of ordinances, * * *." In the exercise of that power, the Board enacted Rule 4—20 which provides:

"No person shall be appointed to any position on the teaching force without the appropriate certificate therefor, nor shall any person be advanced to a higher position for which an examination is provided than that specified in the certificate, without additional examination and proper certificate for such advanced position."

■■ We agree with plaintiffs that the appointment of noncertified principals violates the above rule, but without alleging their own eligibility for appointment, plaintiffs do not have standing to question the alleged violation. In a proceeding of this kind, a person has standing to sue when he has an interest which is in fact adversely affected by the administrative action of the board and when such action is judicially reviewable. (See 3 K. C. Davis, *Administrative Law Treatise*, ch. 22.01.) To be adversely affected, plaintiffs must allege some direct injury and not merely that they will suffer in some indefinite way in common with the class generally. See *Doremus v. Board of Education*, 342 U.S. 429.

■■ In the present case, plaintiffs' brief states that they do not have a contract with the Board of Education upon which to base a cause of action at law. Also, on oral argument and in their brief, they concede they were not seeking appointment for themselves, but were attempting to prevent the appointment of those not certified. In view of this, we find

---

* Plaintiffs' brief was filed in this court sometime after termination of the 1970 summer school session.

no allegation from which it can be concluded that any plaintiff has suffered injury, or in fact been adversely affected by the action of the board. In addition, there is nothing in the record to indicate that plaintiffs were on the eligible list of certified principals, although they do assert that they had made application for the summer positions. It thus appears from the allegations or absence thereof in the complaint on which plaintiffs elected to stand, that the class they sought to represent was also composed of persons certified but not eligible for the appointments in question. Plaintiffs allege only that they were certified and that those who were appointed were not. It appears that plaintiffs are attempting to assert rights held by others and not by themselves, and that they have no legal interest which is before this court as a result of the appointment of noncertified principals. See *Atkinson v. Board of Education of City of Chicago,* 44 Ill.App.2d 92, 103, 194 N.E.2d 8, 13; and *Harney v. Cahill,* 57 Ill.App.2d 1, 12, 206 N.E.2d 500, 506.

■■ In conjunction with plaintiffs' failure to allege facts constituting proper standing before the court, they also failed to allege adequately that they would suffer actual or irreparable injury as would be required if an injunction were to issue. See *Loomis v. McCahey,* 297 Ill.App. 479, 17 N.E.2d 1015.

Plaintiffs do allege that irreparable harm would be suffered by taxpayers and children in the school district by the appointment of noncertified principals. Although it is true that a taxpayer has an equitable interest in public funds being used for an alleged illegal purpose, plaintiffs did not bring this action as taxpayers or on behalf of the children of the district. *Dudick v. Baumann,* 349 Ill. 46, 49, 181 N.E. 690, 691.

The judgment of the trial court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.