G. H. Sternberg & Co., Plaintiff-Appellee, *v.* William F. Cellini, Director of the Department of Transportation, *et al.,* Defendants-Appellants.

(No. 73-178; )

Fifth District—December 5, 1973.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellants.

Dailey & Walker, of Granite City, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an interlocutory appeal taken by the defendant William F. Cellini, Secretary of the Department of Transportation of the State of Illinois (now Longhorne Bond), from a decision of the Circuit Court of Madison County. The defendant was enjoined from enforcing contractual rights against the plaintiff, G. H. Sternberg & Co., either under the contract itself or under a performance bond issued by the General Insurance Company of America.

G. H. Sternberg & Co. contracted with the State of Illinois on March 3, 1971, to drive and install pipe culverts under existing highways in St. Clair and Madison Counties. The defendant General Insurance Company of America, hereinafter called the insurer, provided a bond to insure the performance of the contract by the plaintiff.

On July 6, 1972, the plaintiff filed suit alleging impossibility of performance on part of the contract. The plaintiff sought (a) recision of the contract with the State of Illinois; (b) an injunction against the Department of Transportation from enforcing its legal remedies against the insurer on the performance bond; and (c) an injunction against the insurer preventing it from acting under the bond "until such time as full and complete determination of the contractual rights and liabilities of the parties hereto has been made."

The Department of Transportation, hereinafter called the Department or appellant, moved on July 26, 1972, to strike the complaint and dismiss the cause. The Department asserted that (a) the action, though nominally against the Department, was in essence a suit against the State of Illinois thus banned by Illinois Revised Statutes, 1972 Supp., ch. 127, par. 801; (b) the Director of the Department acted in his lawful capacity and was therefore immune from suit; and (c) that the circuit court was without jurisdiction to enter any decree against the defendant Director.

The circuit court denied on April 12, 1972, the Department's motion to strike and dismiss. The Department then filed a motion to reconsider the court's order of April 12, 1972. This motion to reconsider is still pending before the circuit court and there is no appeal from the denial of the Department's motion to strike and dismiss, in which the jurisdictional question is raised. The Department asserted that the circuit court was incorrect in that (a) the Court of Claims has exclusive jurisdiction to hear all claims against the State founded upon any contract entered into with the State and all claims for recoupment made by the State against the plaintiff; (b) that the action was against the State which is protected by sovereign immunity against suit in the circuit court; and (c) that the action was against an officer of the State in his official capacity, who, is therefore, also protected by sovereign immunity.

Plaintiff moved, on May 16, 1973, for leave to add Langhorne Bond, successor to William F. Cellini, as a defendant and sought and obtained without notice to the new party, a temporary injunction restraining the new Director from any action against the plaintiff on the contract.

It is from the issuance of the injunction that the defendant Director appeals under the provisions of Supreme Court Rule 307, Ill. Rev. Stat., ch. 110A, par. 307.

4

The new Director contends that the court below erred in improperly granting the temporary injunction and that the circuit court is the improper forum for recision of a contract between the plaintiff and the State.

As this appeal is an Interlocutory Appeal, the jurisdiction of this court is determined by the provisions of Supreme Court Rule 307. Rule 307 provides in part:

"(a) *Orders Appealable; Time.* An appeal may be taken to the Appellate Court from an interlocutory order of court (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; * * *."

■■ Thus we shall consider only that portion of this appeal which pertains to the injunction. (*General Electric Co. v. Gellman Manufacturing Co.* (1943), 318 Ill.App. 644, 48 N.E.2d 451.) We shall not consider the question of the jurisdiction of the circuit court.

The appellant contends that the injunction issued against Langhome Bond as the Director of the Department of Transportation was on its face incorrectly and improperly granted. The Injunction Act (Ill. Rev. Stat. 1971, ch. 69,) contains two pertinent provisions that are here applicable. In oral argument the appellant conceded that the order here issued is for a temporary injunction as distinguished from a temporary restraining order (see *People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill.App.3d 675, 678, 281 N.E.2d 757, 760), although appellant in its brief argues the provisions of Section 3—1 of the Act that are limited to temporary restraining orders.

Section 3 of the Act provides:

"No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon."

The last paragraph of section 3—1 of the Act, provides in pertinent part the following:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

■■■ With the contentions of the appellant we agree. No hearing for a preliminary injunction was set by the court below, and while the

court has wide discretion as to whether a temporary injunction will issue, no presumptions are indulged in favor of action without notice, and such injunction should not be issued unless it clearly appears from verified facts that rights of the applicant will be unduly prejudiced unless the injunction be granted without notice. (*Berenson v. Berenson* (1962), 34 Ill.App.2d 376, 181 N.E.2d 357.) Appellee contends that discretion is not abused when the injunction preserves the status quo and the equitable rights of the parties (citing *Seay & Thomas, Inc. v. Kerr's, Inc.* (1965), 58 Ill.App.2d 391, 208 N.E.2d 22 and *People ex rel Bolton v. Progressive General Insurance Co.* (1967), 84 Ill.App.2d 109, 228 N.E.2d 146), but even if this were the sole test, the statutory provisions cannot be ignored. Appellee concedes that a temporary injunction is an extraordinary remedy which will be granted in an emergency situation, and contends that such situation was created by a certain letter of May 8, 1973 which was pleaded by inclusion in its "motion for leave to add additional party defendant and the issuance of an injunction thereon" filed May 16, 1973. Although allegedly attached to the pleading, it is not included in the record. Appellee in its brief states that in it the appellant threatened to proceed in defiance of the litigation pending. Appellant in its brief describes it as "requesting plaintiff to perform under the contract", and points out that in plaintiff's original complaint, filed in July of 1962 he sought the same injunctive relief as he, in May 1973, sought against the substituted party, Langhorne Bond.

■■ An applicant is not entitled to a preliminary injunction as a matter of right, *Connolly v. Gishwiller* (1947), 162 F.2d 428, *cert. denied*, 332 U.S. 825, 92 L.Ed. 400, and he must show that: (1) it is clear that he has a lawful right for which he seeks protection (*Staley v. Mears* (1957), 13 Ill.App.2d 451, 142 N.E.2d 835), (2) he will be irreparably harmed (*Dolnick v. Redmond* (1972), 4 Ill.App.3d 1037, 283 N.E.2d 113), (3) his remedies at law are inadequate, *Engel v. Walsh* (1912), 170 Ill.App. 3.

■■■ Plaintiff in his complaint merely states as legal conclusions that the Secretary of the Department of Transportation acted fraudulently and that, should the Department exercise its legal remedies under the contract, plaintiff would be irreparably harmed. It is well established that an injunction will not be issued on allegations in a complaint which are mere conclusions. (*Hope v. Hope* (1953), 350 Ill.App. 190, 112 N.E.2d 495; and *Stenzel v. Yates* (1951), 342 Ill.App. 435, 96 N.E.2d 813.) Indeed, it is established law that plaintiff must set forth those facts in detail and with particularity which reveal plaintiff's right to injunctive relief. (*Daly v. Sheehan* (1959), 22 Ill.App.2d 173, 159 N.E.2d 506.) It has been held that the mere allegation of irreparable damage alone

is nothing more than a statement of a conclusion, and hence, an insufficient basis for injunctive relief. (*McGinty v. Skoog Construction Co.*, (1964), 52 Ill.App.2d 456, 202 N.E.2d 112.) Indeed, it has also been held that the mere allegation of fraud or mistake is insufficient as it constitutes a statement of a conclusion.

▮▮ Plaintiff has not shown the likelihood of irreparable injury in his factual averments. All that can be concluded from his statements is that if required to complete the contract, he will either lose money or not recover his anticipated profits. It is well settled that where money damages are sufficient compensation an injunction will not lie (*Stolp v. Hoyt* (1867), 44 Ill. 219; see also *Bour v. Ill. Central R.R. Co.* (1912), 176 Ill.App. 185), or where plaintiff has an adequate remedy at law, no injunction will lie. (*Bernier v. Benson* (1959), 21 Ill.App.2d 532, 159 N.E.2d 39; and *Lipkin v. Burnstine* (1958), 18 Ill.App.2d 509, 152 N.E. 745.) Accordingly, plaintiff's rights will be fully protected under contract law or suretyship law when the case is heard upon the merits. The issuance of an injunction, however, effectively grants plaintiff all the relief he has requested in his complaint and consequently has served to circumvent the rules of contracts and suretyship law. It is elemental that the court is obliged to consider the injury or inconvenience which may result to the defendant (especially where the defendant is a public body) or the public in general if the injunction is granted. *Ames v. Schlaeger*, 386 Ill. 160, 53 N.E.2d 937.

Appellee contends the statutory provisions above quoted are technicalities which may be ignored if the status quo is maintained and equity between the parties is served. We do not consider them as such. It does not clearly appear from specific facts shown by the verified complaint or motion that immediate and irreparable injury, loss or damage would have resulted had notice been given and a hearing held, and there has not been sufficient compliance with Section 3 of the Act; neither has there been any attempt to comply with that portion of Section 3—1 of the Act which we have quoted.

Injunction dissolved.

G. MORAN and JONES, JJ., concur.