Francis B. O'Gallagher, Appellee, *vs.* Frances M. Lockhart, Appellant.

*Opinion filed April 23, 1914—Rehearing denied June 5, 1914.*

1. Building lines—*each case must depend largely on its own facts.* What constitutes a substantial violation of a building line restriction is a matter concerning which it is difficult to lay down an absolute rule, and each case must be determined largely from its own facts.

2. Same—*establishment of building line creates an easement of unobstructed light, air and vision.* The establishment of a building line by a covenant running with the land in the chain of title creates an easement of unobstructed light, air and vision for the benefit of the public and the owners upon whose property the restricted area is laid out.

3. Same—*what constitutes a violation of building line restriction.* A restriction against erecting any building within fifteen feet of the front line of the premises is violated by the erection on such restricted area of a three-story brick, stone and concrete porch of massive construction, with solid balustrades of brick and stone steps with brick buttresses. (*Hawes* v. *Favor*, 161 Ill. 440, distinguished.)

4. Same—*when party is not estopped to enjoin violation of a building line restriction.* The fact that a lot owner is not shown to have objected to two palpable violations of a building line restriction common to all lots in a subdivision for a distance of four blocks does not, of itself, preclude him from enjoining a palpable violation of such restriction on the lot next his own.

5. Same—*when a custom cannot be considered in construing deeds containing building line restriction.* Testimony of an architect that the term "building line" has a generally understood meaning throughout Chicago among real estate dealers, builders, architects and surveyors, and as so understood it applies only to the main front wall of the building and not to porches or bays, does not authorize the consideration of such custom in construing deeds to lots in a subdivision all of which contain a building line restriction, where it is not shown that such custom has prevailed generally among the grantees of the lots.

Appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding.

J. S. Dudley, for appellant.

R. Harold O'Connor, and Alfar M. Eberhardt, (Charles J. O'Connor, of counsel,) for appellee.

Mr. Chief Justice Cooke delivered the opinion of the court:

Francis B. O'Gallagher, appellee, who was the owner of lot 3 in Fifty-fifth Street Boulevard addition to the city of Chicago, filed his bill in the circuit court of Cook county against Frances M. Lockhart, the appellant, who was the owner of lot 4 in said addition, to enforce a building line restriction contained in the deeds of the subdividers to their grantees of the lots in said addition which fronted on Garfield boulevard, executed shortly after the subdivision was made, in 1890. The restriction contained in each of the deeds to said lots, so far as it has reference to the questions involved in this case, is as follows: "It is understood and agreed by and between the parties hereto * * * that no building be erected within fifteen feet of the front line of said premises; that this contract is to be binding upon the heirs and assigns of said party of the second part." The party of the second part mentioned in the deeds was in each instance the grantee. The bill alleges that the defendant is in the act of erecting a flat-building upon her

lot, and is in the act of erecting in front of that structure, and as a part of it, a large covered porch, with a high railing of solid brickwork and a flight of steps from the front line of her lot to the front of said porch, and constructing a side wall or buttress to said steps of solid brick, and constructing large pillars reaching from the railing or steps of said porch to the roof of said porch, so as to obstruct appellee's view along the boulevard and to deprive him of free access of light and air, and that said porch and the steps extend to the front line of said lot. The bill further alleges that appellee's lot is vacant, that he will build on it in the near future, and that his rents and profits will be lessened by reason of the building on the lot of appellant. The bill prays for an injunction restraining appellant from erecting or maintaining any building or structure in violation of said building line restriction upon the front fifteen feet of her lot. The answer of appellant admits the ownership of lots 3 and 4 as alleged in the bill but denies that she is about to erect any building in violation of the building line restriction, and alleges that if said restriction ever existed it has not been observed by the other lot owners but has been by them generally disregarded; that the other lot owners have built without regard to the said restriction, and for a long period of time have consented to and acquiesced in such violation of and disregard for the building line restriction. That part of the building of appellant complained of was completed before this bill was filed. The court found that appellant had violated the building line restriction, and decreed that she be perpetually enjoined from erecting any building upon the front fifteen feet of her lot, and ordered that she remove from the front fifteen feet of her lot all that portion of balustrades, supports and steps erected upon or extending over into the restricted area, such removal to be made on or before March 15, 1915. This appeal has been prosecuted from that decree.

The contentions of appellant may be divided into and considered under two general heads: First, that the structure erected by her within the restricted area was not a violation of the building line restriction; and second, that appellee is estopped for the reason (*a*) that he suffered other persons to build porches and other projections within the restricted area, and (*b*) that he made a specific objection to appellant of a violation which appellant acted upon, and hence cannot complain of any further violation.

The evidence discloses that the building erected by appellant upon her lot was a flat-building, consisting of three stories and a basement, fronting north on Garfield boulevard. The main front wall of the building proper, being a wall which comprises the front of each of the three flats exclusive of the porch or porches, is located about nineteen feet back from the lot line. The main building is twenty-five feet in width, occupying the full width of the lot. On the north of the building is erected a massive three-story porch, twenty-four feet in width, extending out from the main building a distance of eight feet, and thirty feet in height. This structure comes to within about ten feet and ten inches of the street line. As originally designed, the basement of the building extended out under the full width of this porch, bringing the outer wall of the basement ten feet and ten inches from the street line. Later, and during the progress of the erection of the building, the front wall of the basement was placed back to fifteen feet and three or four inches from the street line, thus bringing it back of the building line established by the deeds of the subdividers. The building is constructed of brick and stone. The porch is of the same construction, with re-enforced concrete floors. At each outer corner of the porch, and midway between, there is a brick and stone pillar twenty inches square, extending from the ground to a height of thirty feet. The floors and balustrades of each story of the porch are attached to these pillars and to the main wall of the

building. The balustrade around the porch floor at the first story extends entirely around the structure, with the exception of the opening where the steps lead up from the sidewalk. The balustrades around the porch floors in each of the other stories extend entirely around the structure, forming a complete enclosure. These balustrades are built solidly of brick. At the first floor the distance from the top of the balustrade to the bottom of the enclosed work is three feet, at the second story the distance from the top of the balustrade to the bottom of the enclosed work is four feet and six inches, and at the top story the distance from the top of the balustrade to the bottom of the enclosed work is four feet. There is no roof over the third floor porch. The front wall of the main part of the building extends to a height of forty-six feet from the ground, being sixteen feet higher than the top of the balustrade around the upper porch floor. The opening between the top of the balustrade at the first floor and the bottom of the enclosed work around the porch floor at the second story is six feet, and it is the same distance between the top of the balustrade and the bottom of the porch at the third story. The inside of the three stone piers or columns is about six feet distant from the main wall of the building. From the top of the first porch floor to the ground is eight feet. From this floor there extend down to the street line fourteen cement steps, enclosed by solid brick buttresses on each side. These buttresses do not extend out on a level or drop at the same incline as the steps, but each consists of three horizontal offsets. The first (those at the top) are nine feet above the sidewalk level and extend out from the brick piers a distance of three and one-half feet; the second are six feet and six inches above the sidewalk level and extend out from the first also a distance of three and one-half feet; and the third are four feet in height, extending out also three and one-half feet from the second. Through the buttress built at the east side of the steps, and next to the porch, is an

arched opening or doorway leading into the basement room under the porch, the outside or north edge of this doorway being within eight feet or less of the street line. It will thus be seen that this structure, which is designated a porch by both parties, is of massive construction, extending three stories in height, which, together with the steps leading up to it and enclosed by solid brick buttresses, is almost as effective in shutting off the light and view of the other lot owners as if the main building itself had been built out solidly to the northern line of the porch and had then extended to the lot line at the height of the buttresses of the steps. Its appearance would be that of a building which extended to within ten feet and ten inches of the lot line.

Great difficulty has often been experienced in determining just what constitutes a violation of a building line restriction and what portions of a building may extend over the line without violating the restriction. Each case necessarily presents its own problem, and as a result it is difficult to ascertain or lay down any rule that will be an absolute guide for every case. In *Curtis* v. *Rubin*, 244 Ill. 88, we held that swell fronts or bays which extend over the established building line and run up the whole height of the building from the basement to the roof, and which are on a continuous foundation with the building, with continuous walls of the same material, are substantial parts of the same building and their erection is a breach of the building line restriction. In *Hawes* v. *Favor*, 161 Ill. 440, it was contended that the building line restriction had been violated by the building of an open porch over the line. We held under the facts in that case, applying the rule that if there is any doubt as to whether the porch is within the terms of the building restriction the doubt must be resolved in favor of the grantee, that the open porch which had there been constructed was not a violation of the building line restriction.

By a covenant running with the land in the chain of title under which appellant holds her lot she is prohibited from erecting any building within fifteen feet of the front line of the lot. One purpose in establishing a building line is to insure a certain degree of uniformity in the appearance of the buildings erected on the property where such line has been established. The establishment of a building line also creates an easement of unobstructed light, air and vision for the benefit of the public and for the benefit of the owners upon whose property the restricted area is laid out. (*Ewertsen* v. *Gerstenberg,* 186 Ill. 344; *Simpson* v. *Mikkelsen,* 196 id. 575.) The purpose of establishing a building line would be defeated entirely if the owners of lots should be permitted to erect such structures within the restricted area as that which appellant has erected upon her lot. It is true that all doubts must be resolved in favor of natural rights and against restrictions; (*Hutchinson* v. *Ulrich,* 145 Ill. 336; *Ewertsen* v. *Gerstenberg, supra;*) but in this case no such doubt exists as in *Hawes* v. *Favor, supra.* The mere fact that this structure is denominated a porch does not bring it within the holding in the *Hawes case.* The building of this structure was a violation of the building line restriction, and unless, as appellant contends, appellee is estopped, he is entitled to have the erection and maintenance of the structure restrained.

The basis for the first contention of appellant on the question of estoppel is, that other property owners with lots fronting on Garfield boulevard, in this addition, have erected buildings in violation of the building line restriction, and that appellee has stood by and permitted such violations without objection, thus assenting to the abandonment of the building line, and the doctrine laid down in *Curtis* v. *Rubin, supra,* and *Kneip* v. *Schroeder,* 255 Ill. 621, is invoked.

Fifty-fifth Street Boulevard addition lies south of Garfield boulevard and fronts upon that street for a distance of four blocks. All the lots in this addition fronting upon

Garfield boulevard were conveyed by the subdividers by deeds containing the building line restriction above set out. The lots owned by appellant and appellee adjoin and are in the east one of these four blocks. As showing that lot owners generally have abandoned the building line restriction and that appellee by his acquiescence has assented thereto, appellant relies upon the fact that in some instances the main walls of some of the buildings erected extend within the restricted area, and that in many instances porches have been erected which also extend beyond the building line. The facts are, that in the block in which are located the lots of appellant and appellee, and immediately adjoining the vacant lot of appellee on the east, there is a building which has a swell or bay front extending from the foundation to the roof, built within twelve feet and two and one-quarter inches of the north lot line. This is clearly a violation of the lot line restriction, and it does not appear that appellee, although this lot adjoins him on the east, made any objection to this building being constructed in this manner. The building immediately west of that erected by appellant has its front wall upon the building line, but it has a porch extending within eleven feet and eleven and five-eighths inches of the street line. Immediately west of that there is a large building with two circular swells or bays extending the full height of the building. The straight part of the wall of this building, between and outside the circular bays, is eighteen feet from the front line of the lot, but the northernmost portions of the bays, being the small segment of a circle, come within fourteen feet and seven and three-fourths inches of the street line. The remaining houses on that block are all built within the building line. In the next block to the west there are four houses, each of which has a porch extending into the restricted area, the distance from the street line ranging from twelve feet and four inches to thirteen feet and five and five-eighths inches. In the next block to the west there is one building

which encroaches upon the restricted area, the wall of the building being within twelve feet and the porch within nine feet and two and one-eighth inches of the street line. Another house in that block, with its front wall built up to the building line, has a porch which extends within seven feet of the street line. These are the only instances shown where any of the lot owners have encroached upon the restricted area. No proof whatever was made of the character of any of the porches which it was shown extended over the building line. Whether they were such porches as the one appellant had erected on her lot, or whether they were porches such as the one considered in *Hawes* v. *Favor, supra,* does not appear. An open, uncovered porch or platform, with the necessary steps and risers to afford ingress and egress to and from the dwelling, would not be in violation of the building line restriction. In the case of the house erected immediately east of the lot of appellee and of the one mentioned in the second block west there is a clear violation of the building line restriction. The house with the two circular swells or bays, which at the outermost points of the circles extend over the building line four and one-quarter inches, can hardly be said to constitute a substantial violation of the building line restriction. In the absence of any description of the character of the porches referred to, we are in no position to determine whether their erection constitutes a violation of the building line restriction. We therefore find that in the four blocks in this subdivision to which this building line restriction pertains there have been but two clear violations shown. It cannot be said from this state of facts that the building line has been abandoned by the common consent or by the action of the lot owners, and that appellee has stood by, without objection, and witnessed the general violation of the building line restriction on the part of the other lot owners until he will not now be heard to complain.

Appellee testified that at the time appellant began the construction of this building he was absent from the city of Chicago on a visit. When he returned he observed that the building was being erected without regard to the building line, and he immediately complained to appellant and her husband and warned her to keep back of the line. At that time the plans contemplated the erection of a basement room beneath the full width of the porch on the front of the building, which was to be used as an office by the husband of appellant. After appellee complained of the manner in which the building was being erected the plans were changed in respect to the construction of this room and the front wall of that room was moved back a distance of about four feet to the building line. No other change was made in the plans. Appellee testifies to other conversations which he had with appellant or her husband, who seems to have acted for her, and of the service upon the husband of a written notice calling attention to the restriction contained in the original deed of the subdividers and demanding that it be observed. An attorney testified that he called upon appellant during the progress of the erection of the building and objected to its being constructed in violation of the building line restriction. It does not appear, however, that this attorney informed appellant that he was representing appellee. He testified that at this time the porch was partially erected, and when he informed appellant that the erection of the porch and steps in this manner was a violation of the building line restriction and could be enjoined, she replied that she had not considered the building line at all; that there was no building line in existence, as other lot owners had encroached upon it; that if anyone secured a temporary injunction they would pay dearly for it; and that she, or her husband in her presence, stated that they had consulted one of the best firms of real estate lawyers in the city and they were satisfied they were right. Appellant and her husband both testified that when appellee called

upon them and protested against the manner in which appellant was constructing her building, he complained only of the fact that the basement room was being extended out the full width of the porch; that he was asked if that was his only objection, and he stated that it was; that the husband of appellant, in her presence, then informed appellee that they would change their plans in that respect and move the front wall of the basement back to the building line, which was thereafter done. They both testify that this is the only complaint appellee ever made, and they urge that upon this testimony appellee should be held to be estopped. Appellant seems to assume that we must regard her testimony in this particular as true and that of appellee as false. The chancellor, upon the hearing, had the opportunity of hearing the witnesses testify and of observing their demeanor while upon the stand, and was in a better position than a reviewing court to determine the credibility of the various witnesses. By his decree the chancellor has found that appellee is not estopped, and he must necessarily have believed, from the testimony of appellee, that he did not confine his objection to this particular but that he objected to appellant placing any part of her building within the restricted area, and that he made this objection on more than one occasion.

The appellant's architect testified in her behalf that the term "building line" has a generally understood meaning common throughout the city of Chicago among real estate dealers, builders, architects and surveyors, and that such meaning is that the restriction applies to the main front wall of a building, only, and not to porches and bay windows. This testimony was received subject to objection, and being uncontroverted is now relied upon as conclusive of the appellant's right to erect her building in this manner. Whether or not it is the custom of real estate dealers, builders, architects and surveyors of the city of Chicago to encourage and sanction the violation of covenants running

with the land is immaterial. Such a custom cannot be considered in construing the deeds of the subdividers who platted this addition. A different question would be presented if it were shown that such a custom had prevailed generally among the grantees of the lots in this addition which were subject to this restriction.

The erection of this structure was a violation of the building line restriction, and appellee is not estopped, for any of the reasons urged, in asserting his rights. Appellant has the undoubted right to erect steps to the front entrance of her building, but the steps erected constitute an integral part of the structure built within the restricted area, and extending, as they do, to the street line, with massive buttresses, violate the building line covenant.

The decree of the circuit court is affirmed.

*Decree affirmed.*