# CHARLESTON.

## J. E. WITHERS v. GEORGIA WARD.

Submitted September 2, 1920.   Decided September 7, 1920.

1. COVENANTS—*Building Line Restriction is Valid and Runs with the Land.*

   Where the owner of a tract of land lays the same out as a subdivision of a city or town, and conveys to various persons the lots so laid out, in each of which conveyances there is contained a covenant providing that any buildings erected upon the land so conveyed shall not be used for other than residence purposes, and shall not be constructed within a less distance than fifteen feet from the street line of said lots, such restrictions are valid and binding, constituting covenants running with the land, and are for the benefit of all of the owners of lots in such subdivision. (p. 559).

2. INJUNCTION—*Equity May Restrain Violation of Building Covenant Running with Land.*

   In case of the violation of such a covenant by the owner of one of such lots a cause of action accrues to the owner of each of the other lots in such subdivision, which may be asserted by resort to a court of equity to prevent by injunction such violation. (p. 559).

(WILLIAMS, PRESIDENT, absent).

Case Certified from Circuit Court, Cabell County.

Suit in equity for an injunction by J. E. Withers against Georgia Ward. Demurrer to bill overruled, and action thereon certified.

*Ruling of circuit court sustained.*

*John E. Biscoe,* for plaintiff.

*W. L. Higgins,* for defendant.

RITZ, JUDGE:

This is a suit in equity seeking to enjoin and restrain the defendant from violating certain restrictive covenants contained in a deed for real estate. A demurrer to the bill being overruled, the action of the circuit court thereon was certified here.

It is charged that one G. D. Miller, being the owner of what

is known as the East Highlawn Subdivision of Huntington, conveyed away certain of the lots therein, and that in all of the conveyances made by him for lots in said subdivision certain restrictive covenants were contained, among others a covenant that there would be left an open space or courtyard not less than fifteen feet in depth, in front of any building, extending the entire width of the lot, and to be exclusive of the porches attached to the building; and a covenant that no building erected on any of said lots should be used for other than dwelling or residence purposes; that the plaintiff became the owner of one of these lots by virtue of a deed to him therefor, in which deed were contained all of the covenants contained in the deed made by G. D. Miller to the original grantee; and that likewise the defendant became the owner of one of such lots subject to the like restrictions and covenants contained in her deed; that the defendant, notwithstanding said covenants and restrictions, has violated the same in that she has constructed a building thereon without leaving an open space or courtyard in front thereof of the width provided in said deed; and further is using the same and permitting the same to be used for purposes other than that prescribed in the deed, to-wit, for the purpose of a public garage.

That restrictive covenants, such as are involved here, are valid and binding upon the parties, there seems to be little doubt. *Robinson* v. *Edgell*, 57 W. Va. 157, 7 R. C. L., Title, "Covenants," §§ 30, 31. They constitute limitations upon the estate conveyed for the benefit of that retained by the grantor. And it seems to be equally well established that when such grantor parts with any of of the residue such covenants are for the benefit of his grantee. In other words, such covenants run with the land. The burden thereof attaches to the land in the hands of successive grantees, and any advantages that accrue by reason thereof likewise are part of the said land in the hands of the owners, so that the owner of any one of such lots subject to such a restrictive covenant owes a duty to the owner of every other lot laid out in the same subdivision not to violate the restrictions; and in case he does violate them, or attempts to violate them, the owner of each of the other lots has a cause of action against him. 7 R. C. L., Title, "Covenants," §§ 30, 31; 15 C.

J., p. 1255; *Barrow* v. *Richard,* 8 Paige's Chancery, 351; 35 Am. Dec. 713; *Hutchinson* v. *Ulrich,* 145 Ill. 336, 21 L. R. A. 391; *Newbold* v. *Peabody Heights Co.,* 70 Md. 493, 3 L. R. A. 579; *Hills* v. *Miller,* 3 Paige's Chancery, 254, 24 Am. Dec. 218; *Trustees of Watertown* v. *Cowen,* 4 Paige's Chancery, 510, 27 Am. Dec. 80. The books are full of cases declaring this principle, which are cited and commented upon in the monographic notes appended to the reports of the above cases in the selected series cited.

It is contended, however, that while the plaintiff may have a right of action for the violation of these covenants, it is an action at law for damages, and not a suit in equity to enjoin their violation. We cannot agree with this conclusion. As before stated, these covenants run with and belong to the land. The right to have them enforced, so far as the plaintiff is concerned, is one that is attached to his real estate. It is a part of his real estate, and when the owner of another lot in the subdivision attempts to violate one of these restrictions he is taking from all of the other owners part of their estate. He is not merely committing a trespass upon it. He is destroying it, and it is very well settled that equity will take jurisdiction by injunctive process to prevent one from inflicting permanent injury upon the real estate of another. The authorities above cited clearly support the jurisdiction in equity to prevent by injunction the violation of such restrictive covenants as are involved here.

Our conclusion is that the action of the circuit court in overruling the demurrer is right, and the question certified is answered accordingly.

*Ruling of circuit court sustained.*