# CHARLESTON.

John Kaminsky *v.* William Barr

(No. 6243)

Submitted October 16, 1928.   Decided October 23, 1928.

*Thos. S. Hoffman* and *W. F. Keefer*, for appellant.
*Riley & Riley*, for appellee.

MAXWELL, JUDGE:

The appellant (herein referred to as the defendant) seeks to reverse a decree of the circuit court of Hancock county enjoining him from the erection of a building on his lot in the town of Weirton in violation of a restrictive covenant in the title of defendant and other owners of lots on the avenue on which are located the properties of both the plaintiff and defendant, prohibiting the construction of buildings within fifteen feet of said avenue.

As originally laid out by the Weirton Steel Company in 1911 the lots situated on the north side of Avenue F, beginning at the corner of Second Street (now Main Street) and said avenue, and extending eastward the length of the block are numbered 368 to 376 inclusive. Under the restrictive covenant created by the Weirton company in its deeds to the purchasers of these lots no building is to be erected within fifteen feet of the line of the avenue. This covenant was

general for the several avenues of the addition. The streets extend north and south; the avenues east and west. All of the above designated lots on the north side of Avenue F are 35 feet in width and 121 feet in depth, except lot number 376 which is somewhat wider than the others, and on which latter lot is located the church hereinafter mentioned. At the corner of said street and avenue lots number 368 and 369 have been sub-divided by cutting them crosswise and facing the cross-sections on Main Street. The defendant owns the corner cross-section fronting 36 feet on Main Street and seventy feet on Avenue F. On the northern part of this cross-section owned by defendant there is a brick store building of 21 feet frontage facing Main Street. The southern or side wall of this building runs with the restrictive covenant building line fifteen feet from Avenue F. The space, fifteen feet on Main Street and seventy feet on Avenue F, is now vacant, save for a partially constructed foundation placed thereon by defendant in furtherance of his declared purpose of erecting a permanent brick store building designed to cover all of said vacant corner. Plaintiff, the owner and occupier of the adjoining lot, number 370, instituted this suit and obtained the injunction aforesaid to prohibit the defendant from constructing said proposed building.

That restrictive covenants such as here involved will ordinarily be enforced by a court of equity is not denied, but the defendant says that the covenant should not be enforced against him and that he should not be enjoined from erecting a building on the said vacant space, because of violation of the same restrictive covenant by plaintiff and others; because of laches on the part of the plaintiff; and because of nullification of the covenant by encroachment of the business district upon the section of the town where these properties are located.

That there may have been violations of the building line covenant at corners of Main Street and other avenues of the addition does not concern us here. We must look only to the situation on the avenue in question. In *Newberry* v. *Barkalow*, 75 N. J. Eq. 128, 71 Atl. 752, point 6 of the syllabus, it was held: "Where an owner of land laid it out into

streets and blocks, and by restrictive covenants in deeds to purchasers fixed a building line, the court, in a suit to restrain specific violations of the covenant, was limited to a consideration of the facts relating to the street on which the violations were." See, also, *Payson* v. *Burnham*, 141 Mass. 547; *Barton* v. *Slifer*, 72 N. J. Eq., 812.

Avenue F does not extend west of Main Street. On the north side of the avenue, east of Main Street, in the block in which are located plaintiff's and defendant's properties, all of the buildings are fifteen feet from the line of the avenue except the church which is only about three and one-half feet from the avenue, and excepting the front porches of the plaintiff and his five residential neighbors, between him and the church, all of which porches extend over the building line a uniform width of seven feet. In recent years plaintiff and the occupants of lots 371 and 372 have established small stores in the down stairs front rooms of their dwellings, and the front porches of the houses on the two lots numbered as above have been enclosed partly in glass, and are used in connection with the business enterprises of the owners. Similar mercantile enterprises have been opened in two or three dwellings on the opposite side of the avenue. These changes are inconsequential. They are incidental merely to the main or residential use of the properties, and do not amount to a substantial encroachment of business upon a residential section of the town. These houses were constructed for homes and such is still their primary use. The erection of the church at the far corner of the square did not prejudicially affect the plaintiff in the enjoyment of his property nor has the enclosing of his neighbors' porches with glass deleteriously affected the enjoyment of his property. The fact that he has not complained about those matters does not affect his right to complain about the defendant's proposed brick addition which the evidence shows would seriously prejudice the plaintiff in the enjoyment of his property. "That an owner does not complain of immaterial violations of a restriction does not preclude him from enforcing the restriction against an owner whose violation of it does materially affect him, or, in other words, such acquiescence does not constitute aban-

donment, so long as the restrictive covenant remains of any value." *Rogers* v. *Zwolak,* 12 Del. Ch. 200, 110 Atl. 674. Also, *Morrow* v. *Hasselman,* 69 N. J. Eq. 612, 61 Atl. 369; *O'Gallagher* v. *Lockhart,* 263 Ill. 489, 52 L. R. A. (N. S.) 1044; *Burton* v. *Slifer, supra; La Place* v. *Rnehl,* 200 N. Y. Sup. 417. And in *McGuire* v. *Caskey,* 62 Ohio St. 419, it was held: "Relief will not be denied to a plaintiff because he has erected a porch in front of his residence and within the prescribed distance from the street when the purpose of the covenant is to secure and preserve the desirability of the street for private residence, and the porch does not substantially interfere with the easement of neighboring proprietors for light, air and view."

Neither is the plaintiff estopped from asserting his claim herein by the fact that he made no complaint about a frame building which stood for the greater part of the time from 1918 to 1927 on the defendant's lot in the very position where defendant now proposes to erect a permanent brick structure. The evidence shows that the frame building was a mere temporary structure and was considered as such. It was built in the period of the world war and was used for war activities. It was later moved off the lot and then moved back. The fact that plaintiff did not undertake to force the removal of the temporary frame building does not bar him from objecting now to the erection of the proposed permanent brick building, which latter would constitute a material and substantial violation of the building restriction covenant. Such circumstances do not convict the plaintiff of laches.

The circuit court by its final decree perpetually enjoined the defendant from constructing on said corner lot, between the fifteen foot building line and the avenue, "the building now being constructed, *or any other building.*" We approve and affirm the action of the court in inhibiting the construction of the building now being constructed, but inasmuch as the plaintiff and other neighboring property owners on the avenue are now enjoying the use of encroachments over the building line in the occupancy of the front porches of their houses, we think it would be inequitable to deny to the defendant the degree of use enjoyed by these others, and we

are, therefore, of opinion that the circuit court erred in enjoining the defendant from erecting *"any other building"* on said lot. It does not appear to this Court that the defendant should be prohibited from placing within the restricted area between the building line and the avenue such structure as shall not be in excess of the use made by the plaintiff and others of the said area, and as will cause no greater interference with light, air and outlook than is caused by such use.

The decree of the circuit court as thus modified is affirmed.

*Modified and affirmed.*