W. M. Prindle *et al. v.* H. H. Baker *et al.*

(No. 7847)

Submitted February 5, 1935. Decided February 12, 1935.

*Douglas C. Tomkies, Maxwell W. Flesher* and *John J. Hamrick,* for appellants.

HATCHER, JUDGE:

This appeal contests the right of defendants to drill an oil and gas well for commercial purposes on a residential city lot (in Huntington) held by defendant J. M. Lewis. The appellants charge that the drilling violates a restrictive covenant in the original grant of the lot and is also a nuisance. The several decrees herein reflect some procedural confusion, but it is clear that an injunction granted was finally dissolved on motion of defendants and "the bill" dismissed. No answer was filed in the circuit court, and no appearance at all is made in this court by the defendants.

The following facts are alleged in the original and amended bills: The plaintiffs are the owners, severally, of lots near the Lewis lot. Both the plaintiffs and Lewis derive title from a common vendor, who, a number of years ago, subdivided his land and sold it in lots. He imposed alike on every lot vendee certain restrictive covenants designed to thwart commercial use of the lot. Plaintiffs and other lot purchasers have built expensive homes in the subdivision. It has become a desirable residential section.

The covenant relied upon specially by plaintiffs follows: "That no sand pit or gravel pit shall be excavated upon said premises hereby conveyed, and that no sand or gravel or other mineral substance shall be taken from same for use for

commercial purposes, or for any purpose, other than that of grading of said premises, or * * * to be used in connection with any building to be erected thereon.''

It is a familiar rule of equity that when deeds from a common grantor parceling a tract of land contain a like restrictive covenant (not contravening public policy), it may be enforced by any grantee against another grantee. Several theories are advanced for the rule. See *Cole* v. *Seamonds*, 87 W. Va. 19, 24, 104 S. E. 747. Some courts take the view that such restrictions ''are in the nature of reciprocal negative easements.'' *Allen* v. *Detroit*, 167 Mich. 464, 469, 133 N. W. 317. *Landsberg* v. *Rosenwasser*, 108 N. Y. S. 929, 930. Another court holds that the restrictions are enforceable ''as a contractual stipulation which is made for their (the vendees) common benefit.'' *Evans* v. *Foss*, 194 Mass. 513, 515, 80 N. E. 587. Other courts favor the presumption that ''each purchaser has paid an enhanced price for his property, relying on the general plan, by which all the property is to be subjected to the restricted use being carried out, and that while he is bound by and observes the covenant, it would be inequitable to him to allow any other owner of lands subject to the same restriction, to violate it.'' *DeGray* v. *Monmouth*, 50 N. J. Eq. 329, 339, 24 A. 388; *Judd* v. *Robinson*, 41 Colo. 222, 92 P. 724. Whatever may be the most logical theory, the doctrine itself is well established. *Robinson* v. *Edgell*, 57 W. Va. 157, 161, 49 S. E. 1027; *Withers* v. *Ward*, 86 W. Va. 558, 104 S. E. 96; *Kaminsky* v. *Barr*, 106 W. Va. 201, 145 S. E. 267; Pomeroy's Eq. Juris. (4th Ed.), sec. 1296; High on Inj. (4th Ed.), sec. 1153; 18 C. J., subject Deeds, sec. 459; 7 R. C. L., subj. Covenants, sec. 31.

The covenant in question prohibited the removal of any ''mineral substance'' from the lot. Petroleum and natural gas in place are ordinarily classified as minerals. *Preston* v. *White*, 57 W. Va. 278, 50 S. E. 236. We are familiar with decisions that the word ''mineral'' does not have an absolute legal definition; and that its general acceptance may be limited by the doctrine of *ejusdem generis*. *Land Co.* v. *Brick & Tile Co.*, 83 W. Va. 20, 97 S. E. 684; 40 C. J., subject Mines and Minerals, sec. 565. However, we have a line of cases

holding that the word *prima facie* includes petroleum and natural gas, and will not be restricted unless the context clearly shows an intention to do so. *Sult* v. *Oil Co.*, 63 W. Va. 317, 323 to 326, inclusive, 61 S. E. 307; *Land Co.* v. *Midkiff*, 81 W. Va. 616, 95 S. E. 26; *Waugh* v. *Land Co.*, 103 W. Va. 567, 573, 137 S. E. 895; *Jeffrey* v. *Land Co.*, 112 W. Va. 360, 362, 164 S. E. 292. Here, the intention of the covenant was not to prevent the removal of other mineral substances merely because they might be of the same general character as sand and gravel, but because their removal would lessen the desirability of the subdivision for residential use. The removal of oil and gas would so lessen it. We are therefore of the opinion that the term "mineral substance" as used in this covenant was meant to include oil and gas. The covenant does not contravene public policy.

We hold accordingly that the injunction was properly granted on the plaintiffs' pleadings and that its dissolution and the dismissal of the bill on motion was error. The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*