ETHLYN SAHM, Plaintiff, *v.* JULIUS P. POUSHTER, Defendant.

Supreme Court, Special Term, Onondaga County, July 17, 1946.

*John J. Mahon* for plaintiff.

*Oot, Lay & Oot* for defendant.

KIMBALL, J. The action is to enjoin the defendant from breach of a certain tract building restriction. The restriction as alleged in the complaint and proved upon the trial provides "that no such building or any part thereof, except steps, piazzas, bay or oriel windows and other usual projections appurtenant thereto shall be erected or maintained upon any part of said premises within thirty (30) feet of the nearest line of the street on which it faces."

The defendant has built two houses upon Delray Avenue in the city of Syracuse. It is undisputed that the building line is within the thirty feet from the line of the street by seven or eight feet. The defendant was bound by the restrictive covenant. I agree with Mr. Justice VAN DUSER who held in a previous action involving these premises that the defendant violated the restrictive covenant (*Halpin* v. *Poushter,* 59 N. Y. S. 2d 338).

The plaintiff's property consists of unimproved building lots located in a diagonal direction from the defendant's houses on the opposite side of the street. It is established that the defendant's houses are substantially in line with others. The difference is that the front walls of defendant's houses are within the thirty feet, whereas in the case of the other dwellings it is " porches " or " sun parlors " which project to within the thirty feet. Proof was made as to the character of these " porches ". I again agree with the holding in the *Halpin* case (*supra*) that the enclosed porches or sun parlors, by whatever name called, are an integral part of the dwelling and are not within the exception of the covenant, as contemplated when the covenants were formulated.

The plaintiff stood by and took no action to prevent the defendant from completing his houses. The location of these houses within the thirty feet does not interfere with her view nor with light and air. She has shown no damage to her property nor any diminution in the value of her lots. Her action is an individual one, not for the benefit of all others similarly situated. To move these structures back beyond the thirty-foot line, at this time, would involve the outlay of a considerable sum of money on the part of the defendant and if they were moved back, they would break the line of houses on the street

as they now exist. There would be no apparent benefit to the plaintiff if these houses were so moved. Furthermore, the plaintiff has never complained or taken any action in reference to houses built within the prohibited area before the erection of the defendant's houses.

It is my opinion that the plaintiff is not entitled to an injunction. To grant the relief asked would at this time be an inequitable thing. "A court of equity will not do an inequitable thing. * * * It cannot set aside a binding contract, but when the effect would be inequitable owing to facts arising after the date of the agreement and not within the contemplation of the parties at the time it was made, it refuses to enforce the contract and remands the party complaining to his remedy at law through the recovery of damages." (*McClure* v. *Leaycraft,* 183 N. Y. 36, 41.)

Injunctive relief was denied in *Batchelor* v. *Hinkle* (210 N. Y. 243, 250–252) where the court said " The plaintiff has suffered no damage, while to grant the relief which she seeks would greatly damage the defendants. * * * In determining whether a court of equity will compel observance of a covenant restricting the use and occupation of land, each case must depend upon the facts which it presents."

" An injunction will be withheld as oppressive when it appears that the injury is not serious or substantial and that to restrain the acts complained of would subject the other party to great inconvenience and loss." (*Forstmann* v. *Joray Holding Co., Inc.,* 244 N. Y. 22, 29–30.)

" And so though the contract was fair and just when made, the interference of the court should be denied, if subsequent events have made performance by the defendant so onerous, that its enforcement would impose great hardship upon him, and cause little or no benefit to the plaintiff." (*Trustees of Columbia College* v. *Thacher,* 87 N. Y. 311, 317.)

The plaintiff by her inaction has acquiesced in the building, not only of the defendant's houses but others within the prohibited area, and is guilty of laches. Equitable relief, under the facts here presented, should be denied to her. She has her remedy at law for any damages which she has sustained.

The defendant is entitled to judgment dismissing the plaintiff's complaint upon the merits. Costs are discretionary. In view of the fact that the defendant has violated the covenant, it is fair and equitable that he be denied the costs of the action.

Prepare findings in accordance herewith.