Manley E. Staley and Vivian H. Staley, Plaintiffs-Appellants, v. Kendall E. Mears and Arleta F. Mears, Defendants-Appellees.

Gen. No. 10,100.

Third District.

May 20, 1957.

Released for publication June 5, 1957.

Scott and Sebo, of Canton, for appellants.

Arthur D. Young, of Lewistown, for appellees.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

The plaintiffs brought suit to restrain the defendants from building a carport which was alleged to be in violation of a restrictive covenant. The defendants filed their answer, and the cause was referred to a Master in Chancery to take the evidence and report his conclusions of law and fact thereon. At the conclusion of the plaintiffs' evidence before the Master, the defendants moved for a directed verdict. The Master certified the evidence taken, (plaintiffs' evidence only) to the Circuit Court for a ruling on the motion for a directed verdict. The Circuit Court after hearing arguments on the motion, granted the motion for a directed verdict for the defendants. The plaintiffs then filed their motion to re-commit the cause to the Master in Chancery for further evidence by the plaintiffs. There is nothing in the record to show that the trial court ruled on this motion. A temporary injunction, granted upon the filing of the plaintiffs' bill was dissolved and the suit was dismissed for want of equity. From these rulings, the plaintiffs appeal to this court.

This is a dispute between neighbors over the building of a carport in connection with the defendants' erection of a new home, adjacent to the home of the plaintiffs. The plaintiffs were the owners of Lot No. 21, in Ell-Van Park Addition to the City of Canton, Illinois. The defendants were the owners of Lot No. 22

in the same addition. The Ell-Van Park Addition is not laid out in conventional pattern, but the lots are bounded by curves and circles, with only a very few of the lots in the addition having straight street-front lines. There is one main street or drive running in a generally easterly and westerly direction through the addition designated on the plat as Sycamore Terrace. The defendants' lot has a frontage on this street or terrace, which is the southerly side of their Lot No. 22. Running in a northerly direction off of Sycamore Terrace there is a dead end street designated as Pool Court. Pool Court's westerly line is the easterly line of defendants' Lot 22 and the easterly line of the plaintiffs' Lot No. 21. There is a utility easement strip five feet wide, that divides the lots of the plaintiffs and the defendants, the plaintiffs' lot being north of the defendants' lot and only separated by the easement utility strip. It is conceded that the overhang of the plaintiffs' roof line is 16 inches over the utility easement strip.

The defendant in building his home, complied with the restrictive covenant to the south, but built his carport within a few feet of the street line on the Pool Court side. Whether or not the building of the carport within some three feet of the street line of Pool Court is a violation of the restrictive covenant, is the question in this suit. The restrictive covenant in question is in the following language: "No building shall be located on any lot nearer than 25 feet concentric to and normally distant to the front lot line, unless otherwise shown on plat, nor nearer than 3 feet to the side lot line." If Pool Court is the front of the defendants' lot line, then the defendants are violating the restrictive covenant. If it is not, then the issue is simple and the defendants are not violating the covenant.

Some interpretation is necessary as to the word "concentric". Funk and Wagnalls "New Standard

454

Dictionary" defines concentric as meaning having a common center, such as spheres or circles. In order to fit the word into this plat, and to interpret the intention of the planners of the addition, it is necessary to refer to the plat of the Ell-Van Park Addition. There are very few straight lines, the addition having been laid out with curves, circles and arcs. It is this court's interpretation of the word "concentric" as used in the restrictive covenant, that since the lot lines adjoining the streets are curved in most instances, the planners meant that no part of any building should be closer than 25 feet from the front lot line of a lot adjoining a curving street.

There were only three witnesses heard. The plaintiff Manley E. Staley, a photographer and E. C. Van Sickle, the civil engineer who laid out and platted the Ell-Van Park Addition. If the planners had made the restriction to be no building within 25 feet of the street line of any lot, this cause would not be before us, since that is language that cannot be in dispute. But the restriction with regard to the 25 foot limit only applies to the front lot line. Defendants' Lot No. 22 abuts both Sycamore Terrace and Pool Court, but there is nothing in the record and nothing in the cases cited to help this court determine which is the front of the lot. The plat introduced in evidence does not define which is the front of the lot, and there is no evidence as to the interior arrangements of the defendants' home which would indicate which is regarded as the front of the house. And even if the interior arrangement of the defendants' home was in evidence it would not be conclusive, since the determining factor is what is the front lot line of Lot No. 22. While it is true, that a corner lot, such as Lot 22 does, in a certain sense, front on both streets, still, in the strict sense of that term, that portion of the lot, only, which is opposite the rear and faces upon the street, is properly desig-

455

nated as the front of such lot. Turney v. Shriver, 269 Ill. 164. In that case, the lot in question was a corner lot, with Wilson Avenue on one side and Magnolia Avenue on the other. There was an alley paralleling Magnolia Avenue, and the court in that case held that the alley line was the back of the lot. Here we have no alley, but the lot being in a somewhat pie-wedge shape with a curving corner at the southeast corner of 28.2 feet, a lot line adjoining Pool Court of 85 feet and a lot line adjoining Sycamore Terrace of 105.5 feet. If the streets in the addition are to be used as a guide, the main street seems to be Sycamore Terrace, and it might be logically urged that the lot faces or fronts on the principal street.

In the light of the evidence, this court must hold that the plaintiffs have failed to prove a violation of the restrictive covenant, and that the suit was properly dismissed. In reaching this decision, this court is mindful that our courts have held that restrictive covenants should be construed strictly against the subdivider and liberally in favor of the builder or owner. Where there is any doubt, the matter must be resolved in favor of natural rights and against restrictions. Hutchinson v. Ulrich, 145 Ill. 336; Ewertsen v. Gerstenberg, 186 Ill. 344; O'Gallagher v. Lockhart, 263 Ill. 489; Postal Telegraph Co. v. Western Union Telegraph Co., 155 Ill. 335; Handzel v. Bassi, 343 Ill. App. 281; Leverich v. Roy, 338 Ill. App. 248. As said in the Leverich v. Roy case, at page 252: "All doubts must be resolved in favor of natural rights, and against restrictions thereon. In this country real estate is an article of commerce, the uses to which it should be devoted are constantly changing as the business of the country increases, and as its new wants are developed; hence it is contrary to the well recognized business policy of the country to tie up real estate where the fee is conveyed, with restrictions and prohibitions as

to its use, and hence, in the construction of deeds containing restrictions and prohibitions as to the use of property by a grantee, all doubts should as a general rule, be resolved in favor of a free use of property, and against restrictions."

We do not believe that the plaintiffs met the requirements for injunctive relief, by presenting clear and affirmative proof as to violation of the restrictive covenant, and our courts have uniformly held that injunctions should issue only where the right of the plaintiff to such relief appears clearly and affirmatively. Hope v. Hope, 350 Ill. App. 190; Economy Dairy Co. v. Kerner, 303 Ill. App. 259; Vulcan Detinning Co. v. St. Clair, 315 Ill. 40.

As to the motion of the plaintiff to re-commit to the Master in Chancery for further evidence on the part of the plaintiff, the record does not show any ruling on this motion. As a court of review this court cannot review any matter that has not been decided by the lower court. It might well be, from a reading of the motion and the supporting affidavit that the trial court, in its discretion decided that the motion presented nothing new to be heard. At any rate there is nothing before us on that question and this court will not pass on it.

It is the judgment of this court that the Circuit Court should be affirmed.

Judgment affirmed.

JUDGE ROETH took no part in the consideration of this case.